Patria Monserrate Lezcano, etc., Plaintiff and Appellee, *v.* Heirs of Tomás C. Sifonte, Defendants and Appellants.

No. 5157. Argued May 1, 1930.—Decided June 9, 1931.

R. *Arrache Battistini* and F. *Cadilla* for appellants. *Luis Mercader* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Patria Monserrate Lezcano, a minor, represented by her father with *patria potestas,* Manuel Lezcano, brought an action of debt in the District Court of Arecibo against the Succession of Tomás C. Sifonte, consisting of his widow, Soledad S. de Sifonte, and the minors, Francisca, Tomás, and Soledad María Sifonte Santos. It was essentially alleged in the complaint that the plaintiff minor had a certain sum of money on deposit in the savings department of the Arecibo Branch of the Banco Territorial y Agrícola, of which sum she lent, through her father, one thousand dollars to Tomás C. Sifonte which the borrower promised to repay during the year 1925 but failed to do so or to pay or return any part thereof; that upon the death of Sifonte the defendants succeeded him as his heirs and have also failed to pay the said sum either wholly or partially. She prayed that the defendants be adjudged to make such payment.

The defendants interposed a demurrer which was overruled, whereupon they filed an answer denying the essential allegations of the complaint. They pleaded by way of special defense that, both at the time of the filing the complaint and on the date of the answer, the plaintiff was a minor without legal capacity to sue unassisted by a guardian or next friend appointed by the court.

The case went to trial and the court rendered judgment in favor of the plaintiff, with costs on the defendants. The latter took an appeal and have assigned four errors.

The first error assigned relates to the admission in evidence of the testimony of Providencia Díaz Llenza, the plaintiff's mother, insofar as such testimony refers to transactions with the defendants' ancestor. The argument under this assignment is based on section 3 of the Act of March 10, 1904, which reads as follows:

"Section 3.—In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other

as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this section shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.''

Providencia Díaz Llenza is not one of the parties to this action; not even the legal representative of her daughter, the plaintiff, who is represented by her father with *patria potestas*. The fact that the sum involved represented a gift from herself to her daughter and had been placed to the latter's name in the savings department of the Banco Territorial y Agrícola is fully explained, and does not render the witness a party to the action, which has been instituted, prosecuted, and brought on for trial by Patria Monserrate Lezcano,

The decision in *Wilcox* v. *Axtmayer et al.*, 23 P.R.R. 319, cited by the appellants, does not really favor them. The question discussed and decided in that case was as to whether *a party* to an action brought against the heirs of a deceased person may testify regarding certain particulars without first being called as a witness by the adverse party. Such is not the present case.

The second error assigned has reference to the weighing of the evidence by the lower court.

We have examined in the transcript of the evidence the testimony of the witnesses, Providencia Díaz Llenza, Enrique Alcaraz, and Carmen Sifonte, and the documents produced. The defendants introduced Fernando Rivera as a witness. This evidence shows that the complaint is well-founded. The judge properly weighed it. The conclusions derived by the appellants from a part and not from the whole of said testimony seem to us to be strained.

As to the capacity of the plaintiff to sue, she was represented by her father with *patria potestas* and this is all that was required to entitle her to sue. The complaint might have been clearer; but after the introduction of the evidence any deficiency of expression was cured.

As regards the imposition of costs on the defendants, we fail to find any error. The court acted properly. It appears from the evidence and the record that the defendants were guilty of obstinacy.

The judgment appealed from must be affirmed.